IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ESTATE OF ERIC L. GUZIK, *deceased*, by
CAROL L. GUZIK, *as Executrix of ERIC L.
GUZIK ESTATE*, CAROL L. GUZIK,
*individually*, ANTHONY GUZIK, *individually*,
and TERESSA M. WATSON, *individually*,

        Plaintiffs,

  v.

RASHIDA MAHMUD, M.D., ET AL,

        Defendants.

09-cv-0657

**ELECTRONICALLY FILED**

## ORDER REMANDING TO STATE COURT

This medical malpractice / negligence case was removed from the Court of Common Pleas of Westmoreland County, Pennsylvania, by the United States Department of Veterans Affairs, an agency of the United States of America, a named party defendant, on the basis of "federal officers and agencies" removal jurisdiction. See 28 U.S.C. §1442(a)(1). All of the claims set forth in plaintiffs' complaint are state common law or state statutory claims.

On June 24, 2009, the federal defendants (James B. Peake, Secretary of Department of Veterans Affairs, James Nicholson, Secretary of Department of Veterans Affairs, Veterans Hospital, the United States of America Department of Veterans Affairs and the U.S. Department of Veterans Affairs) and the plaintiffs filed a Stipulation of Dismissal Without Prejudice as to the Federal Defendants Only (Doc. No. 9), which this Court approved the same day (Doc. No. 10). Thus, the "federal officers and agencies" foundation for this Court's exercise of removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) has been eliminated.

Once federal parties or claims based upon actions taken pursuant to federal direction are

dismissed from case which has been removed under rule permitting removal of suits brought against officers or agencies of United States, a federal district court has the power either to adjudicate remaining state claims or to remand to state court. See *Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974); *Gulati v. Zuckerman*, 723 F.Supp. 353 (E.D.Pa. 1989); *Peroff v. Manuel*, 421 F.Supp. 570 (D.D.C. 1976).[1] Because there have been no substantive proceedings or significant involvement by this Court and because this case involves purely state law claims against the remaining defendants, this Court declines to retain jurisdiction over these defendants and claims, and will therefore remand the matter to the Court of Common Pleas of Westmoreland County.

Accordingly, IT IS HEREBY ORDERED that this case is dismissed and remanded to the Court of Common Pleas of Westmoreland County.

The Clerk of Court shall mark this case closed and shall remand the record to the Court of Common Pleas, forthwith.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:    All Registered ECF Counsel and Parties

---

[1] In this case, defendant Sterling Medical Association is an Ohio Corporation, but defendant Rashida Mahmud, M.D., is a Pennsylvania resident, and because complete diversity is lacking, diversity jurisdiction pursuant to 28 U.S.C. § 1332 does not provide an independent basis of federal court jurisdiction. See *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996). In any event, Sterling Medical did not attempt to remove the case within 30 days of service of the complaint.